UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAIGE FAIRBAUGH,<br><br>          Plaintiff,<br>v.<br><br>LIFE INS. CO. OF NORTH AMERICA,<br>     ET AL,,<br>          Defendants. | 3:09-cv-1434 (CSH) |

## ORDER REGARDING EVIDENCE OF COSTS

HAIGHT, Senior District Judge:

On August 16, 2010, this Court issued a ruling [Doc. 44] granting Plaintiff's Motion for Judgment on the Administrative Record [Doc. 19]. The Court ruled, *inter alia*, that Plaintiff is entitled to attorney's fees under the relevant provisions of the Employment Retirement Income Security Act (ERISA). The Court stated that "Plaintiff is hereby directed to submit her motion for attorney's fees, along with the necessary supporting documentation and a detailed proposed calculation, on or before October 1, 2010, unless the parties are able to stipulate to the amount of the award for Plaintiff's attorney's fees." The deadline was later extended to October 15, 2010. In a footnote attached to the term "necessary supporting documentation" (footnote 12), the Court stated that "Plaintiff's application for attorney's fees must contain contemporaneous time records that comply with the Second Circuit's requirements articulated in *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983)." On October 15, 2010, Plaintiff filed a

Motion for Attorney's Fees [Doc. 55] along with an affidavit and copies of itemized services bills.

The submission, however, does not comply with the requirements of *Carey* with respect to a claim for attorney's fees.  Further explanation of those requirements can be found in *Cruz v. Local Union No. 3 of the Int'l Brotherhood of Electrical Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) and *Handschu v. Special Services Division*, 727 F.Supp.2d 239, 249-51 (S.D.N.Y. 2010).  In particular, the Court draws counsel's attention to the requirement that movants provide records actually made at the time the work was done or show that "they made contemporaneous entries *as the work was completed*, and that their billing is based on *those contemporaneous records*." *Handshu* at 251, *quoting Cruz* at 1160 (emphasis in original).  The present submission includes bills dated during the month following the month when the work was done and affidavits [Docs. 55, 65-66] of which the most complete states that the affiant is "familiar with the time entry system used by our Firm" and calls the bills "contemporaneous and detailed summary records."  Obviously, a bill created a month after the billed-for work was performed is not a "contemporaneous record" of that work.  Counsel's affidavit does not state whether actual contemporaneous records or records created closer to the time when the work was done exist, describe the practice by which contemporaneous records are made and the itemized services bills are derived from those records, or describe the basis for the affiant's knowledge of such practice.

If Plaintiff wishes to recover attorney's fees in this matter, she is directed to file, on or before April 20, 2012, affidavits and submissions that comply with the requirements of *Carey*, *Cruz*, and *Handschu*.

It is SO ORDERED.
Dated: New Haven, Connecticut
March 29, 2012

                                                              /s/ *Charles S. Haight, Jr.*
                                              Charles S. Haight, Jr.
                                              Senior United States District Judge