UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAIGE FAIRBAUGH, <br><br> Plaintiff, <br> v. <br><br> LIFE INS. CO. OF NORTH AMERICA, <br><br> Defendant. | 3:09-cv-1434 (CSH) |

**RULING AND ORDER ON PLAINTIFF'S APPLICATION FOR
SUPPLEMENTAL AND FINAL JUDGMENT**

HAIGHT, Senior District Judge:

Plaintiff filed an Application for Supplemental and Final Judgment (the "Application") [Doc. 74] on June 8, 2012, pursuant to orders issued in this Court's Ruling on Defendant's Motion to Reconsider, Plaintiff's Motion for Contempt, and Plaintiff's Applications for Attorney's Fees (the "Ruling") [Doc. 73]. In the Ruling, the Court held that Plaintiff is entitled to receive from Defendant:

(1) Unpaid long-term disability (LTD) benefits of $36,950.94;
(2) Interest on that sum at 10%, compounded annually, for the period from August 31, 2010 to the date of the payment; and
(3) The attorney's fees and costs documented in Plaintiff's submissions [Docs. 55, 58, 70, 72], with a 5% downward reduction.

Ruling at 10-11, 29-30. The Court directed Plaintiff to file and serve an application for a Supplemental and Final Judgment, consistent in all respects with that ruling. Ruling at 30.

In the Application, Plaintiff requests the following:

(1) $36,950.94 for unpaid LTD benefits;
(2) $6,835.42 in interest for the period August 31, 2010 - June 8, 2012; and

1

(3)     $56,620.76 for attorney's fees.

Thus, Plaintiff requests a total of $100,407.12.  Defendant has not filed any objections to Plaintiff's request.

Plaintiff's calculations under Headings 1 and 2 are accurate.  However, Plaintiff has erred in her calculation of the available award for attorney's fees.  In an affidavit filed with the original motion for attorney's fees, Plaintiff's lead attorney asserted that the total time billed totaled $48,870 through October 13, 2010.  Affidavit of Attorney Loraine M. Cortese-Costa [Doc. 55 Ex. A] at ¶ 18. She subtracted $2,320 in uncharged or unrecoverable fees, *Id.* ¶¶ 19, 21, which produces the figure $46,550 for recoverable attorney's fees through October 13, 2010.  However, she also asserted that the fees should be adjusted upwards by 10% as a "lodestar upward adjustment," and claimed $52,239.13 including costs.  *Id.* ¶¶ 22, 25.

In later affidavits, Plaintiff documented additional fees and costs for periods after October 13, 2010, including (1) $6,501.51 for Oct 14-Nov. 17, 2010 (Affidavit of Rachel Volkman Kushel [Doc. 65 Ex. A] at ¶ 11); and (2) $810.00 for Nov. 18-19, 2010 (Supplemental Affidavit of Rachel Volkman Kushel [Doc. 66] at ¶ 6).  Adding these to the $46,550 figure above, the total of attorney's fees documented is $53,861.51.   Plaintiff, however, included in its calculation the 10% upward adjustment previously claimed, producing the higher figure of $59,600.80.  Reply in Support of Plaintiff's Supplemental Application for Attorney's Fees [Doc. 72] at 2.

The Court specifically declined to adopt the 10% enhancement sought by Plaintiff, because she failed to furnish "specific evidence that the lodestar fee would not have been adequate to attract competent counsel." Ruling at 18.  Instead, the Court adopted a 5% reduction based on Plaintiff's failure to provide evidence of prevailing hourly rates within the specific legal market at issue.  *Id.*

at 23.  Applying the 5% reduction, the fees awarded for the whole period thus come to 95% of $53,861.51, which is $51,168.43.  When the documented costs of $930.13 are added, the total award for fees and costs comes to $52,098.56.

In the Application, Plaintiff claims $56,620.76.  Application at 1.  She does not explain the origin of this number, but it evidently is the $59,600.80 figure with a 5% reduction.  Plaintiff has taken the amount of documented fees *including a 10% enhancement* and subtracted 5% from that.  Thus, instead of applying a 5% reduction, Plaintiff has applied a 5% enhancement, contrary to the Court's order.

Consequently, the correct numbers are as follows:

(1) $36,950.94 for unpaid LTD benefits;
(2) $6,835.42 in interest for the period August 31, 2010 - June 8, 2012; and
(3) $52,098.56 for attorney's fees and costs.

The total is $95,884.92.

Plaintiff's Application for Supplemental and Final Judgment is GRANTED IN PART AND DENIED IN PART and Plaintiff is awarded $95,884.92.  The Clerk is directed to enter Judgment accordingly.


It is SO ORDERED.
Dated:  New Haven, Connecticut
August 20, 2012


                                                                              */s/ Charles S. Haight, Jr.*
                                                                              Charles S. Haight, Jr.
                                                                              Senior United States District Judge